**LOFTHER et al. v. FIRST NAT. BANK OF CHICAGO.**

No. 8259.

Circuit Court of Appeals, Seventh Circuit.

Oct. 26, 1943.

Francis Heisler, Stanley F. Evans, and J. J. Gordon, all of Chicago, Ill., for appellants.

Douglas B. Maggs, Sol., Morton Liftin, Frederick U. Reel, Irving J. Levy and Bessie Margolin, Department of Labor, all of Washington, D. C., and Frank J. Delany, Department of Labor, of Chicago, Ill., amicus curiae.

John W. Kearns, of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiffs brought suit under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for unpaid minimum wages, etc., under § 16(b) of the Act, claiming they were employees engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the Act.

Defendant is a national banking association and owns and operates an eighteen story building in Chicago, Illinois. In the conduct of its banking business it occupies certain portions of the building, the balance of which it leases to various individuals and corporations, none of whom produce or manufacture any goods, wares, products, commodities, merchandise, or articles of commerce on the premises. Some of the tenants, however, are elsewhere engaged in interstate commerce and in the production of goods for interstate commerce. The building is operated from a separate office, as a segregated unit, under the direct control of a vice-president, and maintains a separate account with defendant. From this account the plaintiffs are paid.

The defendant's banking customers are engaged in many lines of business, some of which constitute interstate commerce or

the production of goods for interstate commerce or both. These customers maintain accounts with the defendant to which are credited deposits made by the customers, presented directly or sent from points within or without the State of Illinois, and consist of currency, checks, drafts, notes, and securities.

It will not be necessary to enumerate the defendant's many banking activities. It will be enough to say that it maintains accounts in banks in other states and in foreign countries. It buys and sells credits located abroad and payable in foreign currency, for its own account and for the account of its customers. It issues commercial letters of credit addressed to other banks in Illinois and in other states and foreign countries.

One of the plaintiffs is a watchman; the others are elevator operators, janitors, and maintenance workers engaged in the maintenance and operation of the building. The elevator operators run the elevators from the first floor to the eighteenth floor, transporting the various tenants and persons desiring to visit the tenants. The janitors and maintenance workers clean the building, sweep and scrub the floors, and remove dust and other waste. Their work is done both in the portion of the building occupied by the banking units and in that portion of the building occupied by the tenants, as well as in the corridors. The watchman walks through the corridors watching for possible fires and other things that might endanger the tenant's property.

The District Court was of the opinion that the plaintiffs were not covered by the Act.

█ True, the Act is remedial in character and should, in order to effectuate its spirit, be interpreted liberally, but it has been held that Congress did not intend to extend federal control throughout the farthest reaches of the channels of interstate commerce. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. ——, and McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 1251, 87 L.Ed. 1538. And in determining what constitutes "commerce" or "engaged in commerce" we must be guided by practical considerations. Walling v. Jacksonville Paper Co., supra. The test "to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." In such determination "It is not important whether the employer * * * is engaged in interstate commerce. It is the work of the employee which is decisive." McLeod v. Threlkeld and Kirschbaum Co. v. Walling, supra.

In the case of Stoike v. First National Bank, 290 N.Y. 195, 48 N.E.2d 482, 484, the plaintiff, employed to clean portions of the defendant's bank building, claimed he was under the Act. The court stated, "even upon the assumption that its banking business is interstate commerce, * * *. It is our conclusion that the cleaning operations which plaintiff was required to perform in defendant's banking quarters were not so closely related to the many banking services performed there that we can say as a matter of law that plaintiff's cleaning was a part of such banking services and therefore that he was 'engaged in' interstate commerce." The United States Supreme Court denied certiorari October 11, 1943, 64 S.Ct. 50, 88 L.Ed. ——.

In Rosenberg v. Lorenzetti, 137 F.2d 742, decided by the Circuit Court of Appeals, Ninth Circuit, on August 17, 1943, the plaintiffs were employed to do the janitorial work in a building used by the defendant to conduct its banking business. It was conceded that the bank was engaged in interstate commerce. The plaintiffs claimed they were engaged in interstate commerce and entitled to the benefits of §§ 6 and 7 of the Fair Labor Standards Act. The court held they were not "engaged in commerce." Certiorari denied, October 18, 1943, Semerio v. Rosenberg, 64 S.Ct. 82, 88 L.Ed. ——.

In Johnson v. Dallas Downtown Development Co., 5 Cir., 132 F.2d 287, 290, the appellee owned and operated an office building. Offices in the building were leased or rented to numerous tenants, none of whom were engaged in the production of goods in or about the building; however, a substantial number of them were engaged in some type of interstate business or "in commerce" within the meaning of the Act. The appellants were employed as elevator operators and janitors and claimed they were under the Act. The court, after quoting Mr. Justice Cardozo to the effect that "What is needed is something of that

common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation" stated: "Applying the common sense rule, we hold that appellants are not within the coverage of the Act." Certiorari denied, 318 U.S. 790, 63 S.Ct. 994, 87 L.Ed. ——. See, also, Cochran v. Florida Nat. Bldg. Corp., D. C., 45 F.Supp. 830; Tate v. Empire Bldg. Corp., 6 Cir., 135 F.2d 743; and Brandell v. Continental Illinois Nat. Bank & Trust Co., D.C., 43 F.Supp. 781.

Applying the reasoning and the principles enunciated in the cases cited, we are impelled to the conclusion that the District Court decided correctly that the plaintiffs in this case were not "engaged in commerce" under the Fair Labor Standards Act.

The judgment of the District Court will be affirmed. It is so ordered.