**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Charles J. HANDY and Helen Handy, Individuals, Defendants.**

**Civ. A. No. 67–1057.**

United States District Court
S. D. Florida.

Dec. 27, 1967.

Charles Donahue, Solicitor of Labor, Beverley R. Worrell, Regional Atty., Earl Harper, Jr., Atty., Atlanta, Ga., for plaintiff.

Arthur S. Davis, Hialeah, Fla., for defendants.

### ORDER

MEHRTENS, District Judge.

The Secretary of Labor has filed his Complaint in this case under Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act. The Secretary seeks an injunction restraining defendants from violating, among other things, the overtime provisions of the Act and a judgment restraining the de-

fendants from withholding overtime compensation alleged to be due certain present and former employees. Defendants have filed a Motion to Dismiss based on three grounds: (1) that the Secretary has not filed written consents of the employees for whom restitution is sought; (2) that some of the overtime compensation alleged to be due accrued more than two years prior to the filing of plaintiff's Complaint; and (3) that the defendants are no longer associated with the corporation out of whose operations the employment questions arise. The Motion came on for hearing December 18, 1967. The Court has considered the memoranda and oral argument of counsel and is fully advised.

As to the first ground, defendants at oral argument withdrew the same. As to the second ground, Section 6 of the Portal to Portal Act of 1947 bars actions for recovery of minimum wages and overtime compensation unless commenced within two years after the cause of action accrued except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. The three year limitation was added by amendment effective February 1, 1967. The amendment does not impose any new sanction nor create any new right with respect to the minimum wage and overtime requirements of the Act. The amendment affects the remedy, not the right. Therefore, the plaintiff properly may seek recovery of unpaid compensation alleged to be due which accrued not over three years before this action was filed and which arose out of willful violation. Whether the recovery, if any, is limited to two years or three will depend upon proof at trial of the cause. The Court directed plaintiff at the hearing on the Motion to amend his Complaint to eliminate any claim for compensation which accrued over three years before the filing of this action and such amendment has been filed. As to the third ground, the nature and extent of injunctive relief, if any, will also depend upon the evidence to be adduced at trial of the cause.

Wherefore plaintiff's amendment is hereby allowed and defendants' motion to dismiss is overruled and denied as to each and every ground.

It is so ordered.