Peter J. BRENNAN, Secretary of Labor, United States Department of Labor

v.

Alan D. WHATLEY, an Individual, Arrowhead Development, Inc., a corporation, Sentry Development corporation, a corporation, and Home Engineering, Inc., a corporation.

No. TY–74–228–CA.

United States District Court, E. D. Texas, Tyler Division.

May 10, 1977.

James F. Gruben, Dept. of Labor, Dallas, Tex., for the plaintiff.

Howard D. Pattison, Athens, Tex., for the defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### STATEMENT OF THE CASE

STEGER, District Judge.

This is a suit by the Secretary of Labor against Alan D. Whatley, an individual, and several corporations owned by Mr. Whatley's children. It is alleged by the Plaintiff in this case that the Defendants have failed to comply with the provision of the Fair Labor Standards Act, 29 U.S.C.A. Sec. 201, *et seq.* (hereinafter referred to as the Act). More specifically, the Plaintiff alleges that the Defendants worked their employees in excess of forty hours a week, without compensating them for those hours in excess of forty at 150% of their normal hourly rate, in violation of 29 U.S.C.A. §§ 207 and 215. The Plaintiff asks for an injunction permanently enjoining the Defendants from violating the above stated provisions of the Act, and enjoining them from withholding payment of wages alleged by the Plaintiff to be due under the Act to the employees of Mr. Whatley and the various corporations.

The parties have agreed in their briefs and at the trial of this case that there are actually only two issues for the Court to determine. The first is whether any of the

Defendants constitute a covered enterprise under the Act. The second is whether one of the employees of the Defendants, Bonnie Woolverton, was or is an exempt executive during a certain part of his employment.

The Plaintiff asserts that the Defendants are "construction" enterprises within the meaning of 29 U.S.C.A. § 203(s)(3), and are therefore covered by the Act. The Defendants allege that they are not in the business of construction, but are instead in the business of land developing, and any construction done by the Defendants is merely incidental to its business, and not a part of what is sold.

The Defendants further allege that if in fact they are found to be covered by the Act, one of their employees, Bonnie Woolverton, was not an employee covered by the Act because he was an exempt executive during a certain part of his employment. According to the Defendants, Mr. Woolverton was hired because many of the Defendants' employees were Mexican-American whose English was poor, and Mr. Woolverton was hired to supervise them because he had the ability to communicate with them in Spanish. Further, the Defendants say that Mr. Woolverton was a salaried employee who hired and discharged his own men, kept their time records, and handled all other matters pertaining to them.

The Plaintiff asserts that Mr. Woolverton was not in any way an exempt executive, but was instead a common laborer who was subject to the provisions of the Act.

## FINDINGS OF FACT

1. The Plaintiff in this case is John T. Dunlop, Secretary of Labor, United States Department of Labor.

2. Defendants in this case are Alan D. Whatley, an individual; Henderson County Title and Abstract Company, a corporation; Sentry Development Corporation, a Texas corporation owned by the children of Alan D. Whatley; and Home Engineering, Inc., a Texas corporation owned by Computor Land Company, Inc.

3. All of the Defendants are engaged in business at Athens, Texas.

4. Defendant Whatley is President, Treasurer, and Chairman of the Board of Directors of Defendant, Home Engineering, Inc. Defendant Whatley is President, Treasurer, and Chairman of the Board of Directors of Sentry Development Corporation.

5. Computor Land Company, Inc., is owned by the children of Defendant Whatley.

6. The Court finds that the employees in question in this suit worked only for Sentry Development Corporation, and Alan D. Whatley, and that Defendants Henderson County Title and Abstract Company, Inc., and Home Engineering, Inc., are in no way liable in this cause of action.

7. The parties have stipulated to the following facts:

Sentry Development Corporation was the owner and developer of a real estate subdivision known as "Arrowhead" located in Northwest Henderson County, Texas, five miles north of Malakoff, West Highway 90, on Cedar Creek Lake. The total acreage owned was about 494.54 acres.

Employees of Sentry Development Corporation worked on or aided in the building of one or more of the following facilities from September, 1972, until September, 1974: road system, beach facility, boat ramp, golf course, and tennis courts. Further, some of the employees of Sentry Development Corporation were engaged in the cutting, clearing, and burning of woods and brush from the land known as Arrowhead development.

8. The parties have further stipulated that the following items were manufactured outside the state of Texas and shipped into the state and used by the employees of Sentry Development in developing the Arrowhead subdivision: (1) A system of sprinkler heads; (2) a greens mower; (3) 300 fence posts; (4) barbed wire; (5) a farm tractor; (6) a bulldozer; and, (7) a ditching machine.

468

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over this controversy and in personam jurisdiction over the parties.

■ 2. During the periods here pertinent, all employees listed in Plaintiff's Exhibit 1 have been engaged in commerce within the meaning of the Act by virtue of their handling and using the equipment which had traveled in interstate commerce listed in Finding of Fact No. 8.

■ 3. The terms of coverage of the Fair Labor Standards Act are to be liberally construed, Schultz v. W. R. Hartin & Son, Inc., 428 F.2d 186 (4th Cir. 1970), and the Act is to be construed to apply to the furtherest reaches consistent with congressional direction. Wirtz v. Allen Green & Associates, Inc., 379 F.2d 198 (6th Cir. 1967). Bearing these principles in mind, the Court is of the opinion that Sentry Development Corporation is in the business of "construction" as that term is used in section 203(s)(3) of Title 29 of the United States Code, and Sentry Development Corporation was therefore subject to the provisions of the Fair Labor Standards Act at all times pertinent to this suit.

The Court reached this opinion after consideration of the type of work done by the employees of Sentry Development Corporation. It was stipulated that the employees of Sentry Development built or helped to build a road system, a beach facility, a boat ramp, a golf course, and tennis courts. These employees also engaged in the cutting, clearing, and burning of trash. The Court believes that these activities amount to "construction." The term "construction" is not defined in the Fair Labor Standards Act, and it appears to have received little attention from the courts. But by almost any definition of the word, the activities of the employees of Sentry Development would constitute construction. Indeed, it would take strained interpretation of the word to conclude that building a road system, beach facility, boat ramp, golf course, and tennis courts did not amount to construction. As pointed out by the Plaintiff in his brief, the Industrial Classification Manual, Bureau of the Budget, lists under the major groups of construction such activities as culvert construction, fence construction, golf course construction, grading for streets, parking lot construction, post hole digging, road construction, street paving and tennis court construction. The Manual also lists bush clearing and land clearing as types of construction. This classification lends support to the conclusion that the above stated activities constitute construction, and further, it appears that Congress relied on the classifications in the Industrial Classification Manual when it amended Section 203 to include persons engaged in the business of construction or reconstruction, or both. Schultz v. W. R. Hartin & Son, Inc., 428 F.2d 186 (4th Cir. 1970).

■ 4. The Court further concludes that the Defendants' contentions that Sentry Development is actually in the business of lake lot merchandising only, and that any construction work done by it is purely incidental to its business of selling lake lots, is without merit. This conclusion of the Court is based on the case of Hodgson v. Colonnades, Inc., 472 F.2d 42 (5th Cir. 1973). The Fifth Circuit determined in Colonnades that a corporation whose business was owning and operating a system of hotels was in the "business" of construction, within the meaning of 29 U.S.C.A. § 203(s), when the corporation undertook major construction projects to increase the size of the hotels. The fact that the employer was building only for himself and not to sell to others was thought to be of no consequence. The Court cited with apparent approval Wirtz v. Allen Green & Associates, Inc., 379 F.2d 198 (6th Cir. 1967), which held that a contractor who constructed for himself could set in motion substantial interstate commercial activities, and this is an important consideration in determining whether an enterprise is covered by the Act. Based on these cases, the Court is of the opinion that Sentry Development Corporation, which engaged in various construction activities as a part of its business, was covered by the Act under 29 U.S.C.A. § 203(s)(3).

5. The Court is likewise not impressed with the Defendants' contention that the bulk of the construction done on the Arrowhead development area was contracted to companies in the construction business. If the employees of Sentry Development performed the construction activities stipulated to, the Court can see no reason why the fact that more and greater construction activities were engaged in by other companies should cause Sentry Development to fall outside the perimeter of 29 U.S.C.A. § 203(s)(3). Whether or not an enterprise is in the business of construction, and thus covered by the Act, depends on what that particular enterprise itself does, not on what other enterprises may do. In *Hodgson v. Colonnades, Inc., supra,* it appears that the bulk of the construction work was done by independent contractors, but the Court apparently considered that no barrier to finding that the defendant was in the business of construction within the meaning of the Act. The fact that the bulk of the construction on the Arrowhead development was done by independent companies does not alter the fact that Sentry Development was in the business of construction.

6. The Court concludes that Defendant Alan D. Whatley is an "employer" of the employees in question within the meaning of section 3(d) of the Act. Mr. Whatley is President, Treasurer and Chairman of the Board of Sentry Development Corporation. He makes all of the decisions which concern the running of the company, and is in complete control of the operation of the business. The stock of Sentry Development is owned completely by the children of Alan D. Whatley, who are all minors. At all times pertinent to this case, Alan D. Whatley acted directly and indirectly in the interest of Sentry Development Corporation in relation to its employees, and he is an employer within the meaning of the Act and therefore liable personally, along with Sentry Development, for any wages found to be due and owing to the employees in question. *Wirtz v. Soft Drinks of Shreveport, Inc.,* 336 F.Supp. 950 (W.D.La.1971); *Hodgson v. Royal Crown Bottling Company,* 324 F.Supp. 342 (N.D.Miss.1970), aff'd 465 F.2d 473 (5th Cir.).

7. The Court also concludes that Bonnie Woolverton was not an exempt employee under the Act as contended by the Defendants. The evidence establishes that Mr. Woolverton did common labor in his work for Sentry Development. Among his duties were cutting grass, picking up rocks, and clearing brush. Mr. Woolverton supervised a crew by telling them where to work and what to do, and worked right along with them. Bearing in mind the principle that exemptions to the Act are to be narrowly construed. *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960), the Court is of the opinion that Mr. Woolverton is an employee who is covered by the Act.

8. During the periods here pertinent, Defendants Sentry Development Corporation and Alan D. Whatley violated sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce within the meaning of the Act for workweeks longer than 40 hours, without compensating such employees for their work in excess of 40 hours in these workweeks at rates not less than one and one-half times the rates at which they were employed.

Defendants Alan D. Whatley and Sentry Development Corporation presently owe unpaid overtime compensation to the employees listed in Plaintiff's Exhibit 1, in the amounts stated therein, and these Defendants are enjoined from withholding this compensation. Further, Sentry Development Corporation and Alan D. Whatley are enjoined from future violations of the Act.

9. The Plaintiff is entitled to the relief requested in his amended complaint against Defendants Sentry Development Corporation and Alan D. Whatley, and to that end counsel for the Plaintiff shall prepare an appropriate decree and submit it to the Court.

Any finding of fact heretofore made which constitutes a conclusion of law is hereby adopted as a conclusion of law and

any conclusion of law which is a finding of fact is hereby adopted as a finding of fact.