Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

AMERICAN LEADER NEWSPAPERS, INC., d/b/a the Marion Leader and Bert Carlyle, Defendants.

No. 81–149–Civ–Oc.

United States District Court,
M. D. Florida,
Ocala Division.

Oct. 26, 1981.

Thomas D. Sawaya, Ocala, Fla., for defendant Carlyle.

John M. Elias, Clearwater, Fla., for defendant American Leader.

William H. Berger, U. S. Dept. of Labor, Atlanta, Ga., for Dept. of Labor.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court upon defendants' motion to dismiss and a motion for a more definite statement filed by defendant American Leader Newspapers, Inc. d/b/a The Marion Leader (hereinafter "Marion Leader").

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Defendants contend that the Court lacks subject matter jurisdiction under the Fair Labor Standards Act because defendants' annual gross sales volume is less than $275,000 and because defendants are not engaged in interstate commerce.

Plaintiff's complaint alleges that defendants have employees who are engaged in interstate commerce or in the production of goods for interstate commerce and that defendants' annual gross sales volume is not less than $275,000. The complaint further alleges that some of defendants' employees are paid less than the statutory minimum hourly rate and are required to work in excess of 40 hours per week without being paid the statutory minimum overtime rate. The complaint also alleges that defendants employ oppressive child labor in violation of the Act. Finally, the complaint alleges that defendants have failed to maintain accurate records of its employees and its practices of employment.

A motion to dismiss for failure to state a claim should not be granted unless it is clear that the plaintiff would not be entitled to recover under any stated facts which could be proved in support of his claim. *Cook & Nichol, Inc. v. Plimsoll Club,* 451 F.2d 505 (5th Cir. 1971); *Webb v. Standard Oil Co.,* 414 F.2d 320 (5th Cir. 1969). In *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126 (5th Cir. 1959), the Fifth Circuit Court considered the sufficiency of a complaint similar to the one in the case at bar and concluded as follows:

[t]he complaint charges that (a) defendants have employees who are engaged in interstate commerce, (b) that some employees are required to work in excess of 40 hours per week without being paid statutory overtime, (c) others are paid less than the statutory minimum, and that (d) records are not kept with sufficient accuracy to reflect these facts concerning the employees. If evidence is brought forward showing (a) plus (b), (c), (d), or any one of them, the Fair Labor Standards Act would compel a finding and decree for the Secretary leaving to the Court's informed discretion the scope and nature of the precise relief to be granted.

*Id.* at 130. In view of the foregoing authority, defendants' motion to dismiss must be denied.

■ Defendants also move to dismiss defendant Bert Carlyle as a party defendant. Defendants assert that defendant Carlyle is no longer a stockholder in the defendant corporation and that he sold his interest in the defendant corporation approximately one year prior to the filing of this action. Defendants argue that, therefore, plaintiff cannot properly obtain injunctive relief against defendant Carlyle. Defendants further contend that stockholders of a corporation are not liable for the wrongful acts of the corporation and that, therefore, as a former stockholder, defendant Carlyle is not a proper party defendant.

■ Whether a person or corporation is an "employer" within the meaning of the Fair Labor Standards Act is a question of fact to be determined in light of all the circumstances. *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668 (5th Cir. 1968). The term "employer" is not limited to the narrow or technical concepts of employment but rather is given a broad meaning to carry out the purpose of the Act. *Wirtz v. Soft Drinks of Shreveport, Inc.*, 336 F.Supp. 950 (W.D.La. 1971); *Walling v. Atlantic Greyhound Corp.*, 61 F.Supp. 992 (D.S.C.1945). Under certain circumstances, stockholders have been considered employers under the Fair Labor Standards Act and have been found personally liable together with the corporation for violations of the Act. *Brennan v. Whatley*, 432 F.Supp. 465 (D.Tex.1977); *Usery v. Godwin Hardware, Inc.*, 426 F.Supp. 1243 (W.D.Mich.1976). Furthermore, the mere fact that the defendant is no longer an employer within the meaning of the Fair Labor Standards Act at the time of the filing of the action, does not preclude the award of injunctive relief. *Marshall v. R & M Erectors, Inc.*, 429 F.Supp. 771 (D.Del.1977); *Wirtz v. Soft Drinks of Shreveport, Inc., supra.* Consequently, in considering the complaint in the light most favorable to the plaintiff, it is clear that defendants' motion to dismiss defendant Carlyle as a party defendant must be denied.

■ Defendant Marion Leader moves for a more definite statement, contending that plaintiff's complaint must contain the identity of the employees involved, their ages, the date when each employee was hired, the position that each employee held, and the dates on which the alleged violations occurred. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain: (1) a statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. Rule 12(e) allows a defendant to move for a more definite statement if the complaint "is so vague or ambiguous that [he] cannot reasonably be required to frame a responsive pleading." A motion for a more definite statement cannot be used as a substitute for discovery and deposition procedures. *Mitchell v. E–Z Way Towers, Inc., supra; Hodgson v. Orson E. Coe Pontiac, Inc.*, 55 F.R.D. 133 (W.D.Mich.1971).

Plaintiff's complaint states the jurisdictional basis for its claim, identifies the sections of the Act that the defendants have allegedly violated, describes the nature of the violations, specifies the period of time in which the violations occurred, and indicates the relief sought. Such a complaint complies with Rule 8(a) and is sufficient to enable defendants to frame a responsive

pleading. *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821 (4th Cir. 1973); *Bertrand v. Orkin Exterminating Co.*, 419 F.Supp. 1123 (N.D.Ill.1976).

Accordingly, it is

ORDERED:

1. Defendants' motion to dismiss the complaint is hereby denied.

2. Defendants' motion to dismiss defendant Bert Carlyle as a party defendant is hereby denied.

3. Defendants' motion for a more definite statement is hereby denied.