Abel G. ANGULO, Salvador Angulo, Tomas Chavez, Davis H. Diaz, Gerardo Diaz, Ruben A. Figueroa, Andres Flores, Felipe Garcia, Felipe S. Garcia, Eugenio Gonzalez, Miguel Gonzalez, Jose I. Guerrero, Raul Guzman, Mariano Hurtado, Epimenio Medrano, Macario Muniz, Macedoni Corral Ortiz, Luis Ruiz, Hipolito Sanoguet, and Luis A. Munoz, Plaintiffs,

v.

THE LEVY COMPANY, an Illinois corporation, United Brotherhood of Carpenters and Joiners of America, Chicago District Council of Carpenters, AFL–CIO, a labor organization; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1, a labor organization; United Brotherhood of Carpenters and Joiners of America, Local Union No. 13, a labor organization; United Brotherhood of Carpenters and Joiners of America, Local Union No. 558, a labor organization; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1045, a labor organization; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1307, a labor organization; United Brotherhood of Carpenters and Joiners of America, Local Union No. 1539, a labor organization; and United Brotherhood of Carpenters and Joiners of America, Local Union No. 1889, a labor organization, Defendants.

No. 83 C 0374.

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1983.

Bernard M. Kaplan, Ruben, Kaplan & Rosen, Skokie, Ill., for plaintiff.

Ronald Wilder, Lisa A. Weiland, Jean E. McEwen, Schiff, Hardin & Waite, and Stanley P. Sklar, Pretzel & Stouffer, Chtd., Chicago, Ill., for defendant Levy.

Hugh J. McCarthy, Hugh J. McCarthy & Associates, Ltd., Chicago, Ill., for the unions.

## MEMORANDUM

BUA, District Judge.

This suit is brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).[1]

Plaintiffs are 20 current and former employees of the Levy Company (Levy). Defendants are Levy, several labor local unions, and an international labor organization (the unions).

It is alleged that for approximately the past ten years, plaintiffs have been employed as drywall applicators by Levy. During their employment the plaintiffs have each been members of the various defendant unions. The collective bargaining agreements applicable to the plaintiffs' employment have specified minimum hourly rates of compensation. These contracts also contain a clause prohibiting discrimination in employment. Notwithstanding the provisions of the contracts, it is alleged that Levy has pursued a policy of compensating plaintiffs on a "piece rate" basis calculated on the number of drywall sheets installed by the individual plaintiff employees. Such compensation, it is alleged, resulted in plaintiffs each receiving an average of $148 less per week than he should have been

1. Jurisdiction was initially also based on 42 U.S.C. §§ 1981 and 1983, but plaintiffs now state that they "see no particular value in pressing the claim for relief under 42 U.S.C. sections 1981 and 1983." The Court reads this statement as withdrawing these claims. The Court notes, however, that had the claims not been withdrawn, they would have been dismissed for failure to state a cause of action. Plaintiffs failed to allege any state action connected with the alleged deprivation of their civil rights. Since an allegation of state action is required to assert a cause of action under § 1983, the lack of such an allegation in plaintiffs' complaint rendered it fatally deficient. See, e.g., Robinson v. Bergstrom, 579 F.2d 401 (7th Cir.1978). Plaintiffs' claim under § 1981 was also deficient, as it failed to allege intentional discrimination as required in General Building Contractors Association, Inc. v. Pennsylvania, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

receiving according to the minimum hourly rate specified in the contracts. This policy of piece rate compensation was allegedly directed only at Hispanic employees in violation of the non-discrimination clause.

Plaintiffs also allege that they have been required to work, and did work, in excess of 40 hours per week, without being paid minimum overtime wages. To require such overtime without overtime compensation would be in violation of the contract and § 16(b) of the Fair Labor Standards Act.

As to the unions, plaintiffs allege breach of the duty of fair representation. The unions have repeatedly ignored plaintiffs' complaints regarding Levy's discriminatory practices, and have taken no action to correct them. Plaintiffs further assert that the unions are "in connivance" with Levy.

Defendants have moved to dismiss the complaint on various grounds, each of which will be discussed below.

■ When considering a motion to dismiss, the allegations of the complaint are taken as admitted and the complaint is liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). Applying this standard to the facts set forth in the complaint now before the Court, it is clear that the plaintiffs have stated a claim sufficient to withstand a motion to dismiss.

## I.  *Claims Under § 301*

### A.  *Statute of Limitations*

Both Levy and the unions argue that the plaintiff's claims are barred by the applicable statute of limitations. The Court disagrees.

Courts have been far from unanimous as to what limitations period to apply to a suit under § 301. *See, e.g., Bigbie v. Local 142, Int'l. Brotherhood of Teamsters*, 530 F.Supp. 402 (N.D.Ill.1981) (applying a 90-day limitations period); *King v. Corn Products*, 538 F.Supp. 569 (N.D.Ill.1982) (applying a 10-year limitations period); *Canada v. United Parcel Service, Inc.*, 446 F.Supp. 1048 (N.D.Ill.1978) (applying a 5-year limitations period); and *Kaftantzis v. D & L Transport Co.*, 531 F.Supp. 566 (N.D.Ill. 1982) (applying a 6-month limitations period). This confusion was resolved in *DelCostello v. Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (U.S.1983), in which the Supreme Court held that the 6-month limitations period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs a suit based on § 301 against both the employer and the union. —— U.S. at ——, 103 S.Ct. at 2285.

As noted in *DelCostello,* there is no federal statute of limitations expressly applicable to this suit. —— U.S. at ——, 103 S.Ct. at 2286. In such situations, courts have generally looked to the most closely analogous statute of limitations under state law. *Id.* The Court recognized that "In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law." *Id.* at ——, 103 S.Ct. at 2289. The Court reasoned that analogies to the suggested state statutes of limitations contained flaws of both legal substance and practical application. First, it noted, short limitations periods for vacating arbitration awards (typically 90 days) fail to provide an employee adequate opportunity to vindicate his rights. *Id.,* at ——, 103 S.Ct. at 2290. Furthermore, the Court added, the analogy of an action to vacate an arbitration award to an unfair labor practice claim is unsatisfactory. Moreover, the Court reasoned because a party to commercial arbitration will ordinarily be represented by counsel *or* have some experience in contract negotiation, while a labor employee will often be unsophisticated in collective bargaining matters and represented only by the union, the analogy of an action to vacate an arbitration award to an unfair labor claim is less than satisfactory.

The Court also felt that application of a longer state malpractice statute (typically five years) would preclude rapid resolution of labor disputes favored by federal law. *Id.,* at ——, 103 S.Ct. at 2292. Finally, the

Court reasoned that since all breaches of a union's duty of fair representation are in fact unfair labor practices, § 10(b), containing the limitations period for filing unfair labor charges, provided the closest analogy. *Id.* Thus, the Court held that the suit under § 301 was governed by the 6-month limitations period contained in § 10(b).

In view of the above discussion, Levy's citation of *United Postal Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) does not require extended treatment. Levy cites *Mitchell* as support for the application of a 90 day limitations period governing actions to vacate arbitration awards. As the Court noted in *DelCostello,* the grant of certiorari in *Mitchell* was only for the purpose of deciding which of two *state* statutes of limitation to apply to a suit under § 301; the court did not address the contention that it should instead borrow a *federal* statute of limitations.[2] *DelCostello,* —— U.S. at ——, n. 2, 103 S.Ct. at 2285, n. 2. The Court in *Mitchell* thus reserved the question of whether § 10(b) should be applied.[3]

■ In light of *DelCostello,* the Court holds that the instant suit is governed by the 6-month limitation period contained in § 10(b) of the National Labor Relations Act. However, such a holding does not end the Court's inquiry. An important question remains, namely, whether plaintiff's cause of action accrued at the time of the first instance of the alleged discriminatory treatment, approximately ten years ago, thus time barring the instant suit, or whether plaintiffs have alleged a continuing course of discriminatory treatment under which claims arising within the statute of limitations period may properly be brought.

Courts have recognized that employment discrimination may as readily be a continuing course of conduct as a single event. *EEOC v. Griffin Wheel Co.,* 511 F.2d 456 (5th Cir.1975). In cases of continuing conduct, "the statute of limitations ordinarily runs from the occurrence of each [discriminatory] act." *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 101 (1st Cir.1979). Thus in *Marlow v. Fisher Body,* 489 F.2d 1057 (6th Cir.1973), where an employee sued both his employer and his union for discrimination based on national origin, the Court stated that, "if the [discrimination] is a continuing act, or continuing series of acts, for purposes of limitations it is in the nature of a continuing trespass ... [O]nly those acts of discrimination alleged to have taken place prior to [the limitations period] are barred by limitations." 489 F.2d at 1063.

Similarly, in *Jamison v. Olga Coal Company,* 335 F.Supp. 454 (S.D.W.Va.), the Court, in holding that a continuing course of conduct had been alleged, noted that the evidence ultimately presented in the case "may very well involve instances of unfair representation as recent as the time of the filing of the complaint..." 335 F.Supp. at 462. The Courts of this circuit are in accord. *See, e.g., Cooper v. United States,* 442 F.2d 908 (7th Cir.1971); *Marcus v. National Investment Life Insurance Co.,* 422 F.2d 626 (7th Cir.1970); *Baker v. F & F Investment,* 420 F.2d 1191 (7th Cir.1970); and *Clark v. Universal Builders,* 409 F.Supp. 1274 (N.D.Ill.1976).

■ In the instant case, the plaintiffs have alleged that Levy, with the "connivance" of the unions, has pursued a policy of compensating plaintiffs in a discriminatory fashion from January 1, 1973 to date. Plaintiffs claim that Levy is guilty of continual breach and violation of the collective bargaining agreements. Finally, plaintiffs assert that the unions "have been guilty and are guilty of breaching their duty of fair representation to the plaintiff employees..." Reading these allegations with

---

**2.** Only an *amicus* suggested that it would be more appropriate to use § 10(b); furthermore, application of § 10(b) rather than the state statute of limitations would not have changed the outcome of the case. *Mitchell,* 451 U.S. at 60, n. 2, 101 S.Ct. at 1563, n. 2.

**3.** Justice Stewart, concurring, would have reached the issue and would have applied 10(b) rather than any state limitations period. *Mitchell,* 451 U.S. at 65–71, 101 S.Ct. at 1565–1568.

the required liberality, the Court finds that plaintiffs have alleged a continuing course of discriminatory conduct on the part of the defendants. Defendants' motions to dismiss based on the statute of limitations therefore are denied except as to those claims which arose prior to July 18, 1982, six months prior to the filing of this lawsuit.

## B. *Exhaustion of Remedies*

Both Levy and the unions assert that an intra-union remedy was available to plaintiffs and that plaintiffs' failure to exhaust the intra-union remedy bars this suit. The Court finds that resort to the alleged intra-union remedy would, have been an act of futility, and that plaintiffs' failure to utilize such remedy is excused.

■ It is generally recognized that a union member must exhaust the intra-union remedies available to him before bringing suit against the union for breach of fair representation. *Brady v. Trans World Airlines, Inc.,* 401 F.2d 87 (3d Cir.1968). This rule furthers the admirable objective of postponing judicial interference in the internal affairs of a labor organization until the union has had a prior opportunity to resolve disputes involving its own concerns. 401 F.2d at 104. Nevertheless, there appears to be universal agreement that the requirement of exhaustion is excused if it would not provide an adequate remedy, or would be an exercise in futility. *Clayton v. International Union, UAW,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In *Clayton,* the Supreme Court held that if the intra-union remedy was inadequate to provide the relief sought by the employee, his failure to exhaust should be excused and he should be permitted to pursue in court his § 301 claim for breach of the duty of fair representation and breach of the collective bargaining agreement. The Court further stated that "the defense [of exhaustion of internal union remedies] should not be available where, as

here, the employee has filed suit against both the union and the employer." 451 U.S. at 695, 101 S.Ct. at 2098.

Also on point is *Glover v. St. Louis & San Francisco R.R.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). The *Glover* Court considered a complaint which alleged that a formal effort to pursue contractual or administrative remedies would be utterly futile. 393 U.S. at 331, 89 S.Ct. at 552. The Court held that "under these circumstances, the *attempt* to exhaust contractual remedies ... is easily satisfied by petitioners' repeated complaints to company and union officials, and no time consuming formalities should be demanded of them." 393 U.S. at 331, 89 S.Ct. at 552 (emphasis in original).

This exception to the exhaustion requirement has been recognized by the Seventh Circuit in *Miller v. Gateway Transp. Co.,* 616 F.2d 272 (7th Cir.1980); *Baldini v. Local 1095,* 581 F.2d 145 (7th Cir.1978); and *Waters v. Wisc. Steel Works of Int'l. Harvester,* 427 F.2d 476 (7th Cir.1970). In *Waters,* the Court acknowledged the potential for cases where the employee "could reasonably believe that attempts to seek the aid of the union in presenting a grievance would be utterly futile, *thus justifying his failure to exhaust remedies.*" 427 F.2d at 490. (Emphasis added.) As a result, the Court held that futile exhaustion was not required as a prerequisite to plaintiffs' suit. *Id.,* at 490. *Accord, Schultz v. Owens-Illinois, Inc.,* 696 F.2d 505 (7th Cir.1982); *Harrison v. Chrysler Corp.,* 558 F.2d 1273 (7th Cir.1977); and *Orphan v. Furnco,* 466 F.2d 795 (7th Cir.1972). Clearly, the requirement of exhaustion is not a bar to suit where either the internal remedy would not provide the relief sought, or exhaustion would be an act of futility.

In the case at bar, plaintiffs assert that the internal union procedure "was not intended to and does not afford an adequate, meaningful and effective internal remedy." The provisions, it is alleged, apply only to "a member who has been expelled, suspended or fined." Finally, plaintiffs argue that "resort to the alleged but really non-exis-

tent intra-union remedy would clearly have been an utter act of futility."

In evaluating the sufficiency of these allegations, this Court is sensitive to the direction provided by the *Clayton* Court, which noted that, "Courts have discretion to decide whether to require exhaustion of internal union procedures." 451 U.S. at 689, 101 S.Ct. at 2095. The Court added that exhaustion would be inappropriate where the remedies cannot give the relief requested. *Id.* In the present case, the internal union remedies clearly would not provide adequate relief. Plaintiffs assert that the intra-union remedies apply only to "a member who has been expelled, suspended or fined." Plaintiffs, by their allegations, have not been expelled, suspended, or fined. Thus, the remedies are not applicable here. Furthermore, assuming arguendo that the remedies do apply here, the remedies would not provide plaintiffs with the relief requested. Plaintiffs pray for compensatory and punitive damages, an award of attorneys' fees, and injunctive relief. The granting of such an award is clearly beyond the scope of the unions' power. In addition, it is obvious that the union might be less than completely objective when examining claims of its own misconduct. This lack of objectivity would itself make relief unlikely. Thus, the Court must decline to exercise its discretion to require exhaustion.

Even absent the guidance of *Clayton*, denial of defendants' motion to dismiss based on exhaustion would be proper. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) provides that, for dismissal to be proper, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. 355 U.S. at 42, 78 S.Ct. at 100. From the foregoing discussion, it is clear that plaintiffs' allegations of futility are not so insufficient as to require dismissal of the complaint. Defendants' motion to dismiss based on the exhaustion of remedies requirement therefore is denied.

### 2. Claims Under the Fair Labor Standards Act

Plaintiffs claim under § 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), is based on overtime compensation. Plaintiffs pray for (a) an accounting of wages, both regular and overtime, owing to plaintiffs by Levy, (b) judgment for loss of wages, both regular and overtime, (c) an accounting of contributions due by Levy to the Union Health and Welfare Fund and Pension Fund, and (d) an order requiring Levy to pay such contributions to the Health and Welfare Fund and Pension Fund. Defendants have moved to dismiss the claim under § 16(b) on several grounds.

### A. Statute of Limitations

Defendants first assert that plaintiffs' claims arising prior to January 18, 1980 are barred by the 2-year limitations period of the Fair Labor Standards Act, 29 U.S.C. § 255. For the following reasons, the Court agrees.

Under the FLSA, a cause of action accrues for overtime compensation at each regular payday immediately following the work week during which services were rendered. *Soler v. G & U, Inc.,* 86 F.R.D. 524 (S.D.N.Y.1980), *Mitchell v. Lancaster Milk Co.,* 185 F.Supp. 66 (M.D.Pa.1960). Thus, in the present case, plaintiffs' claims for overtime compensation accrued at each payday after the alleged overtime was worked. As each claim accrued, the 2-year limitations period of § 255 began to run. As a result, plaintiffs' claims for overtime arising prior to January 18, 1980 (two years immediately prior to the filing of this action) are barred by § 255. Plaintiffs' claims for overtime earned since January 18, 1980 may go forward. *See, also, Wirtz v. Handy,* 279 F.Supp. 264 (D.Fla.1967) (barring only that part of overtime claim arising prior to limitations period), and *Reid v. Solar Corp.,* 69 F.Supp. 626 (N.D.Iowa 1946) (same).

### B. Specificity of Pleading

### 1. Involvement in Interstate Commerce

While the plaintiffs' complaint alleges that Levy is involved in a business in interstate commerce, defendant Levy argues that plaintiffs have not alleged sufficient facts to enable the Court to find that

Levy is an enterprise engaged in interstate commerce, or in the production of goods for commerce, as required by the FLSA. Significantly, Levy makes no attempt to deny that it is involved in interstate commerce; instead it argues that plaintiffs have not put forth sufficient proof of Levy's involvement. Obviously, such proof—if Levy wishes to seriously debate the issue—must await trial.

■ To grant a motion to dismiss, it must appear to a legal certainty that a plaintiff can prove no set of facts which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In light of this standard and the liberality within which we must read plaintiffs' complaint, such complaint, while not as factually detailed as it might be, is sufficient to survive a motion to dismiss.

### 2. Exact Number of Hours of Overtime Worked

■ Defendant Levy also asserts that plaintiffs have failed to allege the exact number of hours they have worked in excess of 40 hours in each work week, and that therefore plaintiffs' overtime claim must fail. The Court finds that the absence of such specificity in pleading is not fatal to plaintiffs' claim.

Levy offers several cases to support its position. In *Tringali v. Kaffee,* 75 N.Y.S.2d 157, 273 App.Div. 109 (1974), the Court dismissed a complaint which alleged that, "Defendant employed plaintiff for work weeks in excess of 40 hours," and reasoned that "it does not follow that plaintiff actually did work in excess of 40 hours during any work week." 75 N.Y.S.2d at 158, 273 App.Div. at 110. In the absence of that specific allegation, the Court held the complaint insufficient. *Id.*

The defendant also cites *Barbosa v. Bull Insular Lines,* 4 Wage & Hour Cases (BNA) 306 (D.P.R.1944). In *Barbosa,* employees filed an action to recover statutory overtime compensation. The complaint alleged that the employees were not paid in accordance with the terms of the Fair Labor Standards Act, but failed to allege that any

employee actually worked any overtime. *Id.* at 307. The motion to dismiss the complaint was granted on the ground of insufficiency. *Id.*

In the case now before the Court, the complaint states that plaintiffs "were required to work and did work ... in excess of forty (40) hours a week." Thus, the flaw contained in the complaints in *Tringali* and *Barbosa*—failure to allege that the employees actually worked in excess of 40 hours in a week—is clearly not present in the instant complaint.

In *Donovan v. American Leader Newspapers, Inc.,* 524 F.Supp. 1144 (M.D.Fla.1981), the Court upheld a complaint which alleged that some employees were paid less than the statutory minimum hourly rate and were required to work in excess of 40 hours per week without being paid the minimum overtime rate. In denying a motion to dismiss the complaint, the Court noted that the complaint stated the jurisdictional basis for its claim, identified the section of the Act that the defendants had allegedly violated, described the nature of the violations, specified the period of time in which the violations occurred, and indicated the relief sought. 524 F.Supp. at 1146. The Court held that "such a complaint complies with Rule 8(a) [of the Federal Rules of Civil Procedure] and is sufficient to enable defendants to frame a responsive pleading. *Accord, Hodgson v. Virginia Baptist Hospital, Inc.,* 482 F.2d 821 (4th Cir.1973).

In the case at bar, as in *Donovan,* the complaint contains sufficient information to satisfy the requirements of Rule 8(a). Defendants' motion to dismiss based on insufficiency of pleading therefore is denied.

### 3. Application of the FLSA to the Unions

Finally, the unions maintain that they are not "employers" within the meaning of the FLSA, and that the Act does not, in this instance, apply to them. This issue was addressed in *Bowen v. U.S. Postal Service,* —— U.S. ——, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983). In *Bowen,* a Postal Service employee brought a § 301 suit against the

Postal Service and his union for damages arising from his discharge. The District Court for the Western District of Virginia assessed damages against both the Postal Service and the union. The Fourth Circuit Court of Appeals reversed, holding that compensation was payable only by the employer. The Supreme Court affirmed the District Court, and held that, where there was a showing that the employees' damages were increased by the unions' breach of fair representation, apportionment of damages between the employer and the union were required.

While the unions concede that the effect of *Bowen* is to share damages between an employer and a breaching union, they argue that the holding in *Bowen* should not be extended to create liability for a union which has not breached its duty of fair representation. This argument is inapposite, however, as plaintiffs have stated a claim against the unions for breach of fair representation. *Bowen* indicates that if this charge is proved at trial, and if it is proved that the unions' breach increased the employees' damages, apportionment of damages would be required. Therefore, since it is not clear that the plaintiffs can prove no set of facts which would entitle them to relief against the unions under the *Conley* standard, the unions' motion to dismiss, based upon their argument that they are not liable for damages, must be dismissed. Clearly, under *Bowen,* the instant claims arising under the FLSA may be brought against the unions.

### CONCLUSION

Defendants' motions to dismiss the complaint are denied in part and granted in part. Plaintiffs' claims under § 301 of the Labor Management Relations Act arising since July 18, 1982 may go forward. Plaintiffs' claims for overtime compensation under § 16(b) of the Fair Labor Standards Act arising since January 18, 1980 may also go forward. All other motions to dismiss are denied.

IT IS SO ORDERED.