**Rufus A. CALDWELL, III, Plaintiff,**

v.

**WESTERN ATLAS INTERNATIONAL, and Life Insurance Company of North America, Defendants.**

Civ. A. No. 93–2550–GTV.

United States District Court, D. Kansas.

Dec. 13, 1994.

William P. Ronan, Overland Park, KS, for Rufus A. Caldwell, III.

Phillip R. Fields, Wichita, KS, for Western Atlas Intern. Inc.

Richard N. Bien, James A. Durbin, Swanson, Midgley, Gangwere, Kitchin & McLarney, LLC, Kansas City, MO, Craig T. Kenworthy, Swanson, Midgley, Gangwere, Clarke & Kitchin, Overland Park, KS, for Life Ins. Co. of North America.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the motion by defendant Life Insurance Company of North America ("LINA") to dismiss, or in the alternative, to stay proceedings (Doc. 31).

Plaintiff's amended complaint asserts several claims of breach of contract and retaliatory discharge against his former employer, Western Atlas International ("Western"). Count VII of the amended complaint is the only claim brought against defendant LINA. In this count, plaintiff alleges that LINA provided disability insurance to plaintiff through Western and that plaintiff is disabled and unable to perform his previous job. Plaintiff claims that LINA has breached the insurance contract by failing to provide plaintiff with disability insurance benefits. Count VII is the subject of LINA's motion.

In its motion, LINA contends that plaintiff's breach of contract claim is preempted by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, and should therefore be dismissed. LINA further argues that even if plaintiff states an ERISA claim, either in Count VII or in an amended complaint, the court should either dismiss the claim or stay the proceedings because plaintiff has failed to exhaust his administrative remedies.

### I. Background

Plaintiff alleges that he was injured during the course of his employment with Western on January 30, 1989, and that his employment was then terminated on April 28, 1989. Plaintiff brought a wrongful discharge action against Western in the District Court of Barton County, Kansas, but that action was dismissed without prejudice in July 1993. Plaintiff then filed the original complaint in this case, naming only Western as a defendant, on December 28, 1993.

Plaintiff claims that in March 1994, Western disclosed that a disability insurance plan for its employees was provided through LINA. On March 24, 1994, plaintiff filed a motion to amend his complaint to add LINA as a defendant. The motion was granted and plaintiff filed the amended complaint on April 25, 1994.

On March 21, 1994, plaintiff sent a notice of claim to LINA which responded by sending plaintiff a claim form on April 11, 1994. Plaintiff returned the completed claim form to LINA on April 25, 1994. On May 13, 1994, LINA requested information regarding the delay in filing the proof of loss, since plaintiff's alleged disability began in 1989. Plaintiff's attorney responded in writing to LINA on June 7, 1994.

During the period June through September 1994, there were discussions between plaintiff's attorney and counsel for LINA regarding a stay of these proceedings while LINA evaluated plaintiff's claim. LINA finally filed its motion to dismiss or to stay on October 4, 1994, and that same day sent to plaintiff's attorney a request for additional information regarding plaintiff's claim.

### II. Nature of the Motion

LINA has styled its motion as a motion to dismiss, but has not stated under which procedural rule it is filed. After reviewing the motion and supporting documentation, the court concludes that the motion is based on substantive rather than jurisdictional grounds. The court will assume it was brought under Fed.R.Civ.P. 12(c) for judgment on the pleadings, since LINA had already filed its answer to the amended complaint. In support of its motion, LINA submitted copies of the summary plan description and insurance policy, plaintiff's completed claim form, and correspondence from LINA requesting additional information. In response, plaintiff submitted copies of various items of correspondence related to his claim for benefits. The court has considered these documents, which are all outside the pleadings, and therefore LINA's motion will be treated as one for summary judgment. Fed.R.Civ.P. 12(c).

Generally, when a court determines that it must treat a motion to dismiss or for judgment on the pleadings as one for summary judgment under Rule 56, the parties are given notice and a reasonable opportunity to provide additional material before the court determines the outcome. *See* Fed.R.Civ.P. 12(b) and (c). However, when both

parties submit "materials beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir.) (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986)), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987). Therefore, the court finds that no additional notice is required and will treat this motion as a Rule 56 motion for summary judgment.

■ Under Fed.R.Civ.P. 56(c), summary judgment is proper only if the evidence, reviewed in the light most favorable to the plaintiff, the party opposing the motion, demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See Deepwater Inv., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and a "genuine" issue is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In this case, none of the relevant facts appear to be in dispute and only legal issues remain.

### III. Preemption and Adequacy of the Complaint

LINA first contends that plaintiff's claim against it must be dismissed because a state law breach of contract action is preempted by ERISA.

■ "ERISA was enacted to 'ensure that [employee benefit] plans and plan sponsors would be subject to a uniform body of benefit law,' thus preventing inefficiencies which 'could work to the detriment of plan benefi-

ciaries.' " *Kelso v. General Am. Life Ins. Co.*, 967 F.2d 388, 390 (10th Cir.1992) (quoting *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 141–42, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1990)). ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered under the statute. 29 U.S.C. § 1144(a). ERISA preemption is "deliberately expansive," and the statutory phrase "relate to" is given a "broad common-sense meaning." *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 508 (10th Cir. 1991) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987)).

■ Plaintiff's common law breach of contract claim against LINA is clearly preempted by ERISA. State law contract claims are preempted "if the factual basis of the cause of action involves an employee benefit plan." *Kelso*, 967 F.2d at 390; *accord Settles*, 927 F.2d at 509. Plaintiff has offered no contrary argument and apparently does not dispute this conclusion.

■ Although plaintiff's claim is set out as a state law claim which the court finds to be preempted by ERISA, it does not necessarily follow that the claim must be dismissed. Notice pleading in federal court requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). There is no requirement that a complaint contain a correct citation to a statute in order to state a claim for violation of that statute. *Morton v. Dow*, 525 F.2d 1302, 1306–07 (10th Cir.1975). "Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). Therefore, the court must determine whether plaintiff's allegations state a claim for relief under one of ERISA's civil enforcement provisions. *See Slice v. Norway*, 978 F.2d 1045, 1046–47 (8th Cir.1992) (finding error in district court's dismissal of preempted state law claims without determining whether allegations stated a federal claim for relief).

■ Under ERISA, a plan participant or beneficiary may sue to recover benefits due under the plan. *Pilot Life,* 481 U.S. at 53, 107 S.Ct. at 1556. ERISA § 502(a)(1)(B) provides:

A civil action may be brought—

(1) by a participant or beneficiary—

.    .    .    .    .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

■ Count VII of plaintiff's amended complaint clearly states a claim for recovery under this section. LINA asserts that plaintiff's claim seeks remedies that are not recoverable under ERISA. It is not clear from the complaint what remedies plaintiff is seeking in relation to Count VII. Paragraph 30 of the complaint lumps together the losses for which plaintiff seeks recovery, but these are not categorized in any way. The question of what remedies plaintiff will be allowed to seek on his ERISA claim need not be resolved now. The only issue is whether the amended complaint notifies LINA of the basis of plaintiff's claim, and that the claim comes within ERISA. The court finds that it does. As a result, there is no basis for requiring plaintiff to amend his complaint.

## IV. Exhaustion of Administrative Remedies

■ LINA also argues that plaintiff's claims should be dismissed for failure to exhaust the administrative remedies provided by the plan. In the alternative, LINA proposes that the case be stayed pending determination and administrative review of plaintiff's claim.

■ ERISA does not specifically require exhaustion of a plan's administrative remedies prior to initiating a civil action. *Amato v. Bernard,* 618 F.2d 559, 566 (9th Cir.1980). Courts, however, have recognized that an ERISA cause of action accrues when an application for benefits is denied, and therefore exhaustion of administrative remedies is a prerequisite to seeking judicial re-

lief. *Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1205–06 (10th Cir. 1990). Failure to exhaust administrative remedies may result in dismissal of an ERISA action brought to challenge the denial of benefits. *See Baxter v. C.A. Muer Corp.,* 941 F.2d 451 (6th Cir.1991); *Springer v. Wal–Mart Associates' Group Health Plan,* 908 F.2d 897 (11th Cir.1990).

Plaintiff has clearly not exhausted his administrative remedies which includes review of any denial of benefits. Plaintiff has filed a claim for benefits with LINA, but has neither received a decision on his claim nor requested any further administrative review.

■ An exception to the exhaustion requirement is recognized in situations in which a claimant has been denied meaningful access to the plan's administrative claims procedure. *See Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 846 (11th Cir.1990). Plaintiff filed his notice claim for benefits over 8 months ago and has responded to LINA's requests for additional information. LINA has offered no explanation for its failure to adjudicate plaintiff's claim.

ERISA § 503 provides that every employee benefit plan will provide claimants with written notice explaining the basis for any denial of benefits and will also afford a reasonable process for review of denied claims. 29 U.S.C. § 1133. Under the authority of § 503, the Secretary of Labor has promulgated regulations which define certain minimum requirements for employee benefit plan claims procedures. LINA has provided the court with a copy of the summary plan description and the insurance policy, but these documents contain no specific procedures for notifying claimants or processing reviews of denied claims.

Regulations require that a plan notify a claimant whose claim has been denied, and that the notification be furnished within a reasonable period of time after the claim is filed. 29 C.F.R. § 2560.503–1(e)(1). If notification is not provided within a reasonable time, the claim is deemed to be denied, and the claimant is permitted to request review of the denial. 29 C.F.R. § 2560.503–1(e)(2).

A period of time exceeding 90 days from the date the plan receives a claim is deemed unreasonable, unless the plan notifies the claimant that an extension of time, not exceeding another 90 days, is required due to special circumstances to complete processing of the claim. 29 C.F.R. § 2560.503–1(e)(3).

Regulations also provide that each plan must establish a procedure for a claimant to appeal a denied claim and receive a full review of the denial. 29 C.F.R. § 2560.503–1(g)(1). If the plan provides a time limit for requesting review, it may not be less than 60 days. 29 C.F.R. § 2560.503–1(g)(3). After a plan receives a request for review, it must make a decision on the case within 60 days, unless special circumstances require an extension of time which may not exceed 120 days after receipt of the request for review. 29 C.F.R. § 2560.503–1(h)(1).

Plaintiff has not established that he has been denied meaningful access to the plan's administrative procedure. Although it appears that LINA has denied his claim by failing to provide a decision within the time limits established in the regulations, plaintiff has not yet requested or received review of that decision. Such a review should be completed before further judicial action is taken.

The court finds that judicial economy will better be served by staying the proceedings related to plaintiff's ERISA claim, rather than dismissing the claim. Plaintiff's request for review of his claim will be deemed filed as of the date of the entry of this order. LINA will have the time allowed under 29 C.F.R. § 2560.503–1(h)(1), a maximum of 120 days, in which to make its determination. The parties are directed to furnish the court with a written status report after LINA makes its determination or after 120 days have elapsed from the date this order is entered, whichever occurs first.

Plaintiff's remaining claims, all asserted against his former employer, defendant Western Atlas, will proceed as scheduled to trial on the court's docket beginning February 6, 1995, and are severed for trial from his ERISA claim.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion by defendant LINA to dismiss, or in the alternative, to stay proceedings (Doc. 31), is granted in part and denied in part.

IT IS FURTHER ORDERED that the proceedings related to plaintiff's ERISA claim against LINA, asserted in Count VII of plaintiff's amended complaint, are stayed as described in this Memorandum and Order.

**IT IS SO ORDERED.**