Max MULLER, et al., Plaintiffs,

v.

AMERICAN MANAGEMENT ASSOCIATION INTERNATIONAL, Defendant.

No. CIV.A. 03–2225–CM.

United States District Court, D. Kansas.

Nov. 12, 2003.

John F. Edgar, Ralph K. Phalen, Edgar Law Firm, LLC, Kansas City, MO, for Plaintiffs.

Deborah P. Weisbein, Douglas R. Jensen, Eric J. Wallach, Michele Cerezo–Natal, Valerie K. Wilde, Kasowitz, Benson, Torres & Friedman LLP, New York City, Timothy M. O'Brien, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Defendant.

### *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Plaintiffs bring this action against defendants pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Plaintiffs also assert a breach of contract claim under state law. This matter is before the court on defendant's Motion to Dismiss (Doc. 9).

### I. Standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

### II. Discussion

Plaintiffs, as seminar presenters for defendant, allege they were improperly classified as independent contractors and thus denied benefits to which they were entitled under ERISA. Plaintiffs also claim that defendant breached its agency agreement[1] with plaintiffs by not providing employee

---

1. It is unclear from the complaint whether each plaintiff had an individual agency agreement with defendant or whether all plaintiffs were covered by one agreement. This order refers to a single agreement for clarity.

benefits and that defendant violated FLSA by denying them proper overtime compensation.

### A. Count I

Defendant seeks dismissal of Count I claiming that (1) plaintiffs' agency agreement with defendant precludes an ERISA claim and (2) plaintiffs have not exhausted all available administrative remedies as required.

#### 1. Agency Agreement

Defendant asserts that plaintiffs agreed, by way of a written contract, to be independent contractors. Defendant argues that, as a result, plaintiffs are precluded from seeking employee status—and thereby being eligible for benefits—under ERISA. Plaintiffs contend that they were common law employees of defendant despite the terms of the written agreement.

■ Contracts, such as agency agreements, may define the relationship between parties and can foreclose an argument of common law employee status under ERISA. *See Boren v. Southwestern Bell Tel. Co.,* 933 F.2d 891 (10th Cir. 1991) (rejecting a claim of employee status when plaintiff's contract specifically designated him as an "independent contractor" and further stated that he would not be considered an employee "for any purpose"); *see also Capital Cities/ABC, Inc. v. Ratcliff,* 141 F.3d 1405 (10th Cir. 1998) (affirming *Boren* as law in the Tenth Circuit). Significantly, the *Boren* and *Capital Cities* courts reference the agreements and base summary judgment, at least in part, on the strict language of the specific provisions contained within those agreements. *Id.* at 892; *Capital Cities,* 141 F.3d at 1410.

■ While defendant's argument here appears persuasive, this court does not have the benefit of reviewing the agency agreement in question. Interestingly, de- fendant could have submitted the parties' agency agreement since plaintiffs referenced the agreement in their complaint and the agreement is central to plaintiffs' claims. *MacArthur v. San Juan County,* 309 F.3d 1216, 1221 (10th Cir.2002). However, without the opportunity to review the document, the court cannot make a determination regarding the parties' relationship based solely on references in the pleadings.

#### 2. Exhaustion of Administrative Remedies

■ Defendant contends that plaintiffs have failed to exhaust available administrative remedies and are, therefore, precluded from seeking a judicial remedy. Plaintiffs acknowledge their failure to exhaust all available remedies but assert that further pursuit of their claim through administrative channels would have been futile. Alternatively, plaintiffs contend that defendant denied them meaningful access to information about the benefits plan—including defendant's administrative appeals process.

■ Although exhaustion of administrative remedies generally is required, courts may exercise discretion to waive the requirement if a plaintiff was denied meaningful access to claim and review procedures. *Caldwell v. W. Atlas Int'l,* 871 F.Supp. 1392, 1396 (D.Kan.1994). The rationale underlying this exception is that a court should not dismiss an action where a defendant "asks [the court] to require that [plaintiff] exhaust those very procedures to which [defendant] denied him access." *Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 846–47 (11th Cir.1990). In this case, plaintiffs allege in their complaint they were not provided information regarding claim filing procedures under defendant's employee benefit

plan—even after numerous requests for such benefits. (Complaint ¶ 57).

■■ Courts also may waive the exhaustion requirement if exhaustion of administrative procedures would have been futile. *Potter v. ICI Americas, Inc.,* 103 F.Supp.2d 1062, 1066 (S.D.Ind.1999). The futility exception requires a showing that a plaintiff's administrative claims would have been denied on further appeal, and "not just that [a plaintiff] thinks it is unlikely an appeal [would have resulted] in a different decision." *Getting v. Fortis Benefits Ins. Co.,* 5 Fed.Appx. 833, 836, 2001 WL 201966 (10th Cir.2001). Plaintiffs allege in their complaint that they approached defendant "on numerous occasions" requesting to be considered employees and receive applicable benefits. (Complaint ¶ 57). This court is skeptical that events alleged by plaintiffs in the instant case amount to an "unambiguous application for benefits and a formal or informal administrative decision denying benefits [such that] it is clear that seeking further administrative review of the decision would be futile." *Davenport v. Harry N. Abrams, Inc.,* 249 F.3d 130, 133 (2d Cir.2001) (quoting *Barnett v. IBM Corp.,* 885 F.Supp. 581, 588 (S.D.N.Y. 1995)). However, as alleged, plaintiffs lacked knowledge of the benefit plan or its procedures notwithstanding repeated requests for employee status. Plaintiffs allege that, as a result, they had no alternative but to seek a judicial remedy.

In light of the liberal pleading standards under the federal rules, the court finds that plaintiffs have sufficiently pled the exceptions to the administrative exhaustion requirement. The court is therefore unwilling to dismiss plaintiffs' claim at this early stage. *See Potter,* 103 F.Supp.2d at 1066 (noting that the court "ordinarily ... prefer[s] to consider exhaustion on a motion for summary judgment"). While the court questions whether plaintiffs can present clear and convincing proof of either futility or a denial of access to benefits information that will be necessary to prevail at trial, plaintiffs have alleged repeated attempts to obtain benefits or information about the benefit plan. Absent the benefit of discovery regarding the extent of plaintiffs' alleged requests or claims, and defendant's responses or lack thereof, the court declines to dismiss plaintiffs' action at this juncture.

For the above reasons, defendant's motion to dismiss Count I is denied.

## B. Count II

■ Plaintiffs allege that defendant breached its agency agreement with plaintiffs. Defendant contends that plaintiffs have not pled the necessary elements of a breach of contract claim.

■ An actionable claim for breach of contract requires the existence of a contract, consideration, performance or willingness to perform, breach of that contract, and damages resulting from that breach. *Britvic Soft Drinks Ltd. v. AC-SIS Tech. Inc.,* 265 F.Supp.2d 1179, 1187 (D.Kan.2003). Plaintiffs pled in Count II the existence of an independent contractor agreement. Specifically, plaintiffs allege they were "parties to an agreement calling for plaintiffs to act as an independent agent." (Complaint ¶ 59). Yet, plaintiffs claim that defendant breached the agreement by denying them the benefits of employee status. Plaintiffs in essence are claiming defendants breached an independent contractor agreement by not treating plaintiffs as employees. As alleged, plaintiffs have failed to state a claim because plaintiffs claim a loss of employee benefits as damages but fail to allege the existence of an employee contract that provided for such benefits.

For the above reasons, defendant's motion to dismiss Count II is granted.

 

## C. Count III

 Defendant argues that plaintiffs have not pled the necessary elements of an overtime claim under FLSA and that, as a result, Count III should be dismissed.

To pursue a claim under FLSA, a complaint need not allege the exact number of overtime hours worked. However, the complaint must at least allege that employees actually worked in excess of 40 hours in a week without proper overtime compensation. *See Angulo v. The Levy Co.,* 568 F.Supp. 1209, 1216 (D.C.Ill.1983) (declining to dismiss plaintiffs' complaint where it alleged that plaintiffs actually worked more than 40 hours in a week). In this case, plaintiffs' complaint simply alleges defendant's "fail[ure] to compensate Plaintiffs for overtime hours." (Complaint ¶ 66). Nowhere in the complaint do plaintiffs allege that they actually worked any overtime hours or that defendant knew of the overtime hours worked but refused to pay the proper wage. Thus, even accepting all well-pleaded allegations as true, the court determines that plaintiffs can prove no set of facts that would entitle them to relief under FLSA.

For the above reasons, defendant's motion to dismiss Count III is granted for failure to state a claim.

## D. Leave to Amend

The court recognizes plaintiffs' request for leave to amend the complaint to address any deficiencies noted by defendant in its motion to dismiss. The court will, of course, entertain a formal motion for leave to amend if plaintiffs wish to file one, but the court declines to grant leave to cure deficiencies in the complaint based solely on the general request contained in plaintiffs' response brief.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 9) is denied as to Count I and granted as to Counts II and III.